UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAZARO HELIBERTO GALINDO,

    Plaintiff,

v.                                       Case No.  4:23-cv-200-MW-MJF

GORMAN,

    Defendant.
                                    /

**REPORT AND RECOMMENDATION**

Plaintiff Lazaro Heliberto Galindo (DC #M18101), has filed a civil rights complaint under 42 U.S.C. § 1983, and a declaration requesting leave to proceed *in forma pauperis*. Docs. 1, 2. Because Galindo is a prisoner who previously incurred three strikes and has not alleged that he is under imminent danger of serious physical injury, the District Court should dismiss this case pursuant to 28 U.S.C. § 1915(g).

**I. ALLEGATIONS OF GALINDO'S COMPLAINT**

Galindo is Florida prisoner confined at the Columbia Correctional Institution in Lake City, Florida. Doc. 1 at 2. Galindo is suing a correctional officer (Gorman) at the Wakulla Correctional Institution in Crawfordville, Florida. *Id*. at 2. Galindo alleges that when he was confined at Wakulla CI, another inmate (Jose Aguilar) attacked him on August 6, 2022, after Gorman failed to timely respond to Aguilar's

mental-health emergency. *Id*. at 5. As a result of Aguilar's attack, Galindo suffered a cut and a "permanent bruise" on his right leg. *Id*. at 6. Galindo claims that Gorman's conduct constituted deliberate indifference to Galindo's safety in violation of the Eighth Amendment. *Id*. at 7. As relief, Galindo seeks compensatory and punitive damages. *Id*.

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an

inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A. **Galindo Has Accrued at Least Three "Strikes"**

The undersigned takes judicial notice that a prior action Galindo filed in the United States District Court for the Northern District of Florida was dismissed under § 1915(g)'s three-strikes bar. *See Galindo v. Porter*, No. 5:14-cv-159-RV-GRJ, Doc. 7 (Order) (N.D. Fla. July 23, 2014); *see also Id*. at Doc. 5 (R. & R.) (N.D. Fla. July 3, 2014) (finding that Galindo was subject to § 1915(g)'s three-strikes bar based on *Galindo v. Crosby*, No. 1:03-cv-20297-ASG, Docs. 10, 12 (S.D. Fla. Mar. 11, 2003) which dismissed action under § 1915(g) and identified five prior federal civil actions Galindo filed while a pre-trial detainee at the Dade County Jail that were dismissed for failure to state a claim or as frivolous).[1]

---

[1] Galindo's objections to the report and recommendation in Case No. 5:14-cv-159-RV-GRJ did not challenge the magistrate judge's determination that he was a three-striker under § 1915(g), nor did Galindo's objections disclaim the Southern District case that recognized him as a three-striker and identified his five "strikes." *See* No. 5:14-cv-159-RV-GRJ, Doc. 6 (Obj.).

Regardless, the undersigned takes judicial notice of three civil actions Galindo filed in the Southern District between September 9, 2002 and November 22, 2022, while a pre-trial detainee, that were dismissed for failure to state a claim and constituted "strikes" under the PLRA. *See Galindo v. Aronowitz*, No. 1:02-cv-22622 (S.D. Fla. Sept. 9, 2002) (Compl.), *dismissed* (S.D. Fla. Oct. 22, 2002); *Galindo v.*

Because Galindo has incurred three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B.     <u>Galindo Fails to Satisfy the Imminent-Danger Exception of § 1915(g)</u>**

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past danger will not invoke the exception. *Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].").

Galindo's allegation—that he was attacked months ago at a prison where he no longer is confined—does not establish that he is under imminent danger of serious physical injury. Because Galindo is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the District Court must

---

*State Att'y. Gen.*, No. 1:02-cv-23339 (S.D. Fla. Nov. 18, 2002) (Compl.), *dismissed* (S.D. Fla. Nov. 27, 2002); *Galindo v. State Att'y.*, No. 1:02-cv-23381 (S.D. Fla. Nov. 22, 2002) (Compl.), *dismissed* (S.D. Fla. Nov. 26, 2002). Although the complaints bear Galindo's Dade County Jail inmate number (506) and not his FDC number (M18101), the complaints reference Galindo's criminal cases under which he presently is incarcerated—Miami-Dade County Circuit Court Case Nos. 1999-CF-8645 and 2000-CF-21341.

dismiss this case without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").[2]

### III. CONCLUSION

For the reasons outlined above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Doc. 2, be **DENIED** and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fees.

2. The clerk of court close this case file.

At Pensacola, Florida, this 22nd day of May, 2023.

---

[2] Even if not subject to dismissal under the "three strikes" bar of § 1915(g), Galindo's complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(2) for maliciousness and abuse of the judicial process, because he failed to completely and honestly disclose his prior litigation. Galindo denied on the complaint form—which he signed under penalty of perjury—that he had any case dismissed for a reason listed in § 1915(g) which counted as a "strike." Doc. 1 at 9. That response was false. Galindo also denied having filed any other lawsuit in federal court that related to the conditions of his confinement. *Id*. at 10. That response was false, because Case No. 5:14-cv-159-RV-GRJ related to the conditions of Galindo's confinement at the Northwest Florida Reception Center.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**